## STATE BAR OF MICHIGAN v CRAMER

1. Judges—Court of Appeals—State Bar Membership—Disqualifi-
   cation—Constitution—Statutes—Rules Concerning State
   Bar.

   Judges of the Court of Appeals are required by law to be active
   members of the State Bar of Michigan, and they are not
   disqualified, because of such membership, to decide cases in
   which the State Bar is a party (Const 1963, art 6, § 19; MCLA
   600.901; Rules Concerning State Bar, No. 3).

2. Equity—Injunctions—Courts—Jurisdiction—Collateral At-
   tack—Contempt Proceedings—Appeal and Error.

   The propriety of an injunctive order may not be attacked collater-
   ally through contempt proceedings, and the order must be
   obeyed unless overturned on direct appeal where the court had
   the jurisdiction to make the order.

3. Appeal and Error—Contempt—Evidence—Findings of Fact.

   A finding of contempt will not be overturned where a review of
   the record discloses more than adequate evidence to sustain the
   finding of the trial judge.

Appeal from Wayne, John D. O'Hair, J. Submit-
ted Division 1 June 26, 1974, at Detroit. (Docket
No. 19075.) Decided October 9, 1974. Leave to
appeal denied, 393 Mich 796.

Complaint by the State Bar of Michigan against
Virginia Cramer seeking to enjoin defendant from
the unauthorized practice of law. Injunction
granted. From an order finding her in contempt,
defendant appeals. Affirmed.

References for Points in Headnotes
[1] 46 Am Jur 2d, Judges §§ 121, 222.
[2] 27 Am Jur 2d, Equity §§ 18, 91.
[3] 4 Am Jur 2d, Appeal and Error §§ 76, 414.

*Louis Rosenzweig,* for plaintiff.

Virginia Cramer, *in propria persona.*

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. On January 5, 1973, the Honorable John D. O'Hair, Wayne County Circuit Judge, signed a judgment permanently restraining the defendant, Virginia Cramer, and others from the unauthorized practice of law, and specifically from:

"(1) Holding themselves out to the public as qualified to render advice and service to persons interested in obtaining a divorce in the courts of Michigan;

"(2) Rendering counsel and service to persons seeking to dissolve a marital relationship by obtaining a judgment of divorce in the courts of the State of Michigan; and,

"(3) Furnishing or offering to furnish kits, forms or documents with assistance in their completion or execution, to persons seeking to dissolve a marital relationship by obtaining a judgment of divorce in the courts of the State of Michigan."

After a series of enforcement proceedings the State Bar of Michigan, plaintiff herein, filed a petition charging the defendant with violation of the aforesaid permanent injunction generally, and specifically with respect to advisory services rendered to one Diane Carol Baker in connection with her application for a divorce in Wayne County Circuit Court. On November 30, 1973, Judge O'Hair issued an order to show cause, scheduling the hearing on the petition on Friday, December 14, 1973. The petition and order to show cause

---

* Circuit judge, sitting on the Court of Appeals by assignment.

clearly informed the defendant that punishment for contempt was a possibility.

Following a testimonial hearing on December 19, 1973, Judge O'Hair made an order finding and adjudging her to be in contempt for violating the injunctive order of January 5, 1973. As punishment she was sentenced to pay a fine of $250 and costs of $125 forthwith and in default thereof be confined to the Detroit House of Corrections for a period of 5 days, and in addition thereto that she be confined for 5 days commencing January 7, 1974 at 9 a.m. It is from this order that she appeals.

Representing herself on appeal, she attempts to challenge the validity of the injunction contained in the judgment of January 5, 1973, and she asserts that members of this panel of the Court of Appeals are disqualified to hear this appeal because the State Bar of Michigan is a party and because each of us is a member of the State Bar of Michigan.

I

*Are judges of the courts of record disqualified to act judicially in actions in which the State Bar of Michigan is a party because the judges are members of the State Bar of Michigan?*

The State Bar of Michigan elected to disregard this issue in their brief. Because of the novelty of the issue and because of a general misunderstanding of the nature of the State Bar of Michigan, we believe this issue merits our attention.

The 1963 Constitution of the State of Michigan, art 6, § 1, provides:

"The judicial power of the state is vested exclusively

in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house."

In addition, art 6, § 19 of that same Constitution provides as follows:

"The supreme court, the court of appeals, the circuit court, the probate court and other courts designated as such by the legislature shall be courts of record and each shall have a common seal. *Justices and judges of courts of record must be persons who are licensed to practice law in this state.* No person shall be elected or appointed to a judicial office after reaching the age of 70 years." (Emphasis added)

We also have a statute which provides:

"The state bar of Michigan is a public body corporate, the membership of which consists of all persons who are now and hereafter licensed to practice law in this state. The members of the state bar of Michigan are officers of the courts of this state, and have the exclusive right to designate themselves as 'attorneys and counselors,' or 'attorneys at law,' or 'lawyers.' No person is authorized to practice law in this state unless he complies with the requirements of the supreme court with regard thereto." MCLA 600.901; MSA 27A.901.

Finally, Rule No. 3 of the Rules Concerning the State Bar of Michigan, promulgated by the Supreme Court, provides:

"Members of the State Bar shall be divided into two classes, namely, active members and inactive members. The class of active members shall include all members who have not specifically requested to be enrolled as inactive members. Any member who is not engaged in the practice of law or the administration of justice in

this state may, if he so elects and files written application with the secretary, be classified as an inactive member. Any inactive member may, on filing written application with the secretary and payment of the required dues, become an active member. No inactive member shall practice law, vote or hold office in the State Bar. Members who are judges or who serve as court personnel shall register as active members. Any person not an active member who practices law shall be subject to discipline."

Membership in the State Bar of Michigan is not voluntary. Every member of this panel of the Court of Appeals, every Judge of the Court of Appeals and every person assigned to serve on the Court of Appeals is required by law to be an active member of the State Bar of Michigan.

It is our opinion that the members of this panel not only are not disqualified to decide this case, but instead have a clear duty to do so.

## II

*Was the order of January 5, 1973, a valid order?*

An individual may not attack the propriety of an injunctive order collaterally through contempt proceedings. If a court has jurisdiction to make an order, the order must be obeyed unless overturned on direct appeal. *Town & Country Motors, Inc v Local Union No 328,* 355 Mich 26, 48; 94 NW2d 442, 453 (1959); *Cross Co v UAW Local No 155 (AFL-CIO),* 371 Mich 184, 195; 123 NW2d 215, 220 (1963); *Berry Pontiac, Inc v Burke,* 19 Mich App 648, 652; 173 NW2d 243, 246 (1969).

The circuit court had statutory jurisdiction to decide the issue.

"It is unlawful for any person to practice law, or to engage in the law business, or in any manner whatsoever to lead others to believe that he is authorized to

practice law or to engage in the law business, or in any manner whatsoever to represent or designate himself as an attorney and counselor, attorney at law, or lawyer, unless the person so doing is regularly licensed and authorized to practice law in this state. *Any person who violates the provisions of this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law.* This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter." MCLA 600.916; MSA 27A.916; see also MCLA 600.1701(6); MSA 27A.1701(6). (Emphasis added.)

The defendant did appeal the order of January 5, 1973, but the appeal was dismissed without prejudice for her failure to forward a complete transcript. GCR 1963, 812.2(a).

It is our opinion therefore that the defendant was required to comply with the permanent injunction issued January 5, 1973.

### III

*Did defendant violate the injunctive order of January 5, 1973?*

This was her real appeal issue in the proceedings but she did not take up the issue in her brief on appeal. We have nevertheless reviewed the transcript of the contempt proceedings and conclude that there was more than adequate evidence to sustain the trial judge's finding of contempt.

The judgment of contempt and punishment therefore is affirmed. Execution of sentence is stayed for 20 days after the release date of this opinion to give defendant an opportunity to pursue her appellate remedies.

Affirmed.

All concurred.