# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 11, 2021

159857

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

LINDA RIVERA,
        Plaintiff-Appellant,

v

SVRC INDUSTRIES, INC.,
        Defendant-Appellee.

SC: 159857
COA: 341516
Saginaw CC: 16-031756-NZ

_____/

On January 7, 2021, the Court heard oral argument on the application for leave to appeal the April 4, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we AFFIRM in part, VACATE in part, and REVERSE in part the judgment of the Court of Appeals and REMAND this case to that court for further consideration of plaintiff's public-policy claim.

We AFFIRM the Court of Appeals' holding that "plaintiff has failed to prove that a genuine issue of material fact existed regarding whether she had engaged in a protected activity by being about to report a violation or suspected violation of law" to the police. *Rivera v SVRC Indus, Inc*, 327 Mich App 446, 461-462 (2019). Viewing the evidence in the light most favorable to plaintiff, the evidence does not demonstrate that plaintiff herself was "about to report . . . a suspected violation of a law," MCL 15.362, but rather that she wanted defendant to so report and was upset that it would not. There is a legally significant distinction between being "about to report . . . a suspected violation of a law" and merely wanting someone else to so report; the former constitutes protected activity under the Whistleblowers' Protection Act (the WPA), MCL 15.361 *et seq.*, while the latter does not. Accordingly, plaintiff has failed to establish a genuine issue of material fact that she was "about to report . . . a suspected violation of a law" to the police. MCL 15.362.[1]

---

[1] During oral argument in this Court, plaintiff suggested that she could show a question of fact on this claim because even if *she* was not "about to report . . . a suspected violation of a law," defendant was "about to report . . . a suspected violation of a law" to the police on her behalf. While an employee has engaged in protected activity under the WPA if "a

Next, we AFFIRM the Court of Appeals' holding that plaintiff did not establish a genuine issue of material fact that there was a causal connection between plaintiff's communication with defendant's attorney and her termination. However, we VACATE the Court of Appeals' holding that plaintiff's communication with defendant's attorney was not a "report" under the WPA, as this holding was unnecessary in light of our agreement with its conclusion that summary disposition was warranted based on plaintiff's failure to establish a causal connection between plaintiff's communication with defendant's attorney and her termination. See *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 621 (1997) (holding that the plaintiff could not recover under the WPA because she "failed to establish a causal connection between her actions and her firing").

Finally, we REVERSE the Court of Appeals' holding in Part III(D) of its opinion that plaintiff's public-policy claim is preempted by the WPA. Plaintiff's complaint alleges two factual bases for her public-policy claim: (1) her attempt to report LS's actions to the police, and (2) her refusal to conceal and/or compound LS's violations of the law. Because plaintiff has not demonstrated a question of fact that this conduct entitles her to recover under the WPA, her public-policy claim based on this conduct is not preempted by the WPA. See *Pace v Edel-Harrelson*, 499 Mich 1, 10 & n 19 (2016), quoting *Anzaldua v Neogen Corp*, 292 Mich App 626, 631 (2011) (" '[I]f the WPA does not apply, it provides no remedy and there is no preemption.' "). The Court of Appeals did not address whether these allegations stated an actionable claim for unlawful termination in violation of public policy. See *McNeil v Charlevoix Co*, 484 Mich 69, 79 (2009); *Pratt v Brown Machine Co*, 855 F2d 1225, 1236-1238 (CA 6, 1988). Moreover, while the Court of Appeals determined that some of plaintiff's allegations were not factually supported, it did not determine whether the allegations that were factually supported established a claim for unlawful termination in violation of public policy. We REMAND this case to the Court of Appeals to address whether, viewing the evidence in the light most favorable to plaintiff, there is a genuine issue of material fact that her termination was unlawful in violation of public policy, including, if necessary, whether she can establish a causal connection between her conduct and her termination.

---

person acting on behalf of the employee . . . is about to report . . . a suspected violation of a law," plaintiff's desire that defendant report LS's behavior is insufficient to show that defendant was actually "about to report" this behavior, and the evidence in the record suggests that defendant was not "on the verge of" reporting anything to the police. *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 612 (1997). Indeed, the evidence suggests that defendant expressly declined to report LS's behavior to the police. Thus, plaintiff has also failed to establish a genuine issue of material fact that defendant was "about to report . . . a suspected violation of a law" to the police on her behalf.

ZAHRA, J. (*concurring*).

I concur with this Court's order in full. I write separately because, for the reasons stated in *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 502 Mich 851, 856-857 n 13 (2018) (ZAHRA, J., dissenting), I continue to believe "a persuasive argument can be made that the [State Bar of Michigan (SBM)] is not a 'public body' under the [Whistleblowers' Protection Act (the WPA), MCL 15.361 *et seq*.]," in which case an attorney, as a member of the SBM, would not constitute a member of a public body for purposes of the WPA. See also *id*. at 867 ("The statutory definition of 'public body' is extremely expansive and may well exceed the scope of entities the Legislature intended to include as an entity or organization suitable to field a report of suspected illegal activity."). However, because it is unnecessary to reach that issue to resolve this case, I concur.

VIVIANO, J. (*concurring*).

I fully concur in the Court's order and write only to highlight a curious interpretation that has been given to the Michigan Whistleblowers' Protection Act (the WPA), MCL 15.361 *et seq*., that was incidentally involved in the present case. That statute protects employees from retaliation when they "report[]" or are "about to report" a violation of the law "to a public body." MCL 15.362. "Public body," in turn, is defined expansively to include bodies "created" or "primarily funded" by state or local authority and "any *member* or employee of that body." MCL 15.361(d)(iv) (emphasis added). The WPA leaves the term "member" undefined.

The Court of Appeals has held that the State Bar of Michigan (the SBM) qualifies as a "public body" under the WPA. *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 23 (2016). Because of the statutory definition of "public body," every "member" of the SBM is likewise a "public body" for purposes of the WPA. *Id*. Because one cannot be licensed to practice law in this state without being a "member" of the SBM, MCL 600.901; SBR 2, the result of the Court's holding is that every licensed lawyer in the state is a "public body" to whom employees can make protected reports. In other words, an employee would gain the protections of the WPA by reporting or being about to report a suspected violation of law to any licensed attorney in the state—even if that employee had no prior relationship with that attorney.

Perhaps this result is compelled by a proper reading of the WPA's language, but I question whether the Legislature intended this result. This Court heard arguments in *McNeill-Marks* and ultimately denied leave to appeal. *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 502 Mich 851 (2018). At that time, however, only five justices were participating in the case. And none of the parties in that case had addressed the question that I believe the Court should closely consider in a future case: whether the relevant meaning of "member" as used in the WPA is narrower than that suggested by the Court of Appeals such that it only includes members of the SBM with some decision-making

authority regarding that body but excludes the licensed lawyer who has no role in the SBM other than simply paying his or her dues to be a nominal member. The Court of Appeals in *McNeill-Marks* relied on the fact that the attorney at issue was a member of the SBM without first defining the word "member." One definition of "member," which aligns with how the Court of Appeals appears to have interpreted the word, is "one of the individuals composing a group." *Webster's New Collegiate Dictionary* (1981).[2] But narrower and more specialized definitions also exist, such as "[o]ne who has been formally elected to take part in the proceedings of a parliament" and "[a] component part, branch, of a political body." *The Oxford English Dictionary* (2d ed). Similarly, *Black's Law Dictionary* (10th ed) provides the following definition: "One of the individuals of whom an organization or a deliberative assembly consists, and who enjoys the full rights of participating in the organization—including the rights of making, debating, and voting on motions—except to the extent that the organization reserves those rights to certain classes of membership."[3] These narrower definitions indicate a stronger, constitutive sense of membership in which a person must have some authority or deliberative power with regard to the body.[4]

---

[2] See also *The Oxford English Dictionary* (2d ed) ("Each of the individuals belonging to or forming a society or assembly.").

[3] The Court of Appeals has rejected a broad interpretation of "member" in the context of the SBM in at least one other case. In *State Bar of Mich v Cramer*, 56 Mich App 176, 178 (1974), rev'd in part on other grounds 399 Mich 116 (1976), the Court of Appeals rejected the argument that the judges assigned to the panel were "disqualified to hear this appeal because the State Bar of Michigan is a party and because each of us is a member of the State Bar of Michigan." The Court of Appeals noted that membership in the SBM is not voluntary and that all Court of Appeals judges are required to be SBM members. *State Bar of Mich*, 56 Mich App at 180. Implicit in the Court of Appeals decision was that the panel judges' membership was not constitutive of their interests such that they had to recuse themselves—i.e., being members of the SBM did not necessarily bias them in favor of the bar and against another member.

[4] Among the problems with the Court of Appeals' broad interpretation of "member" in *McNeill-Marks* is that it might place some attorneys in an ethical dilemma. Consider an in-house corporation counsel attorney who receives a "report" under the WPA from an employee of the attorney's client. It would seem to me that the attorney might have some responsibility to the employee making the report, and that responsibility might materially limit the attorney's representation of the corporate client. See MRPC 1.7(b). Given the purpose of the WPA "to protect the public by facilitating employee reporting of illegal activity," *Hays v Lutheran Social Servs of Mich*, 300 Mich App 54, 58 (2013), it would seem that many reports to an in-house attorney would place the interests of the attorney's client at odds with the interests of the reporting party.

If this is the proper interpretation of "member," the issue then becomes whether a simple dues-paying membership in the SBM meets this narrower definition. While I take no position here, I would note that in answering this question a useful starting point would be the Rules Concerning the State Bar of Michigan. Those rules prescribe the powers and duties of membership and also create separate bodies and offices that have more formal roles in managing the SBM.[5]

In an appropriate future case, I would consider whether the narrower definition of "member" applies to the WPA and whether dues-paying members of the SBM fall within this definition. Given our resolution of the present case, we do not need to address these questions here.

WELCH, J., joins the statement of VIVIANO, J.

---

[5] Compare SBR 13 and 14 (giving dues-paying members petition rights), with SBR 5 and 6 (creating the Board of Commissioners, staffed by members and tasked with "manag[ing] the State Bar," among other duties).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 11, 2021

t0602



Clerk