WEAVER, J.
At issue in this case is whether MCL 333.2441(1) authorizes a local health department to create, and a county board of commissioners to approve, regulations that control smoking in the workplace. Additionally at issue is whether such a regulation, *73 providing employees with a private cause of action to seek its enforcement, interferes with Michigan’s at-will employment doctrine.
I. THE COURT OF APPEALS DECISION
The Court of Appeals concluded that the regulation at issue is authorized by statute and was promulgated in a manner consistent with the statutory requirements. Furthermore, the Court of Appeals concluded that the private cause of action created by the regulation fits within public policy exceptions to Michigan’s at-will employment doctrine. We agree with the Court of Appeals’ conclusions. In affirming, we adopt as our own the Court of Appeals’ opinion, McNeil v Charlevoix Co, 275 Mich App 686; 741 NW2d 27 (2007)[1]:
In this action for declaratory relief, plaintiffs appeal as of right the trial court’s order denying their motion for summary disposition. We affirm.
I. BASIC FACTS AND PROCEDURAL HISTORY
Defendant Northwest Michigan Community Health Agency (NMCHA) is a multicounty district health department organized by Antrim, Charlevoix, Emmet, and Otsego counties under Part 24 of the Public Health Code (PHC), MCL 333.2401 et seq.[1] In purported furtherance of its duty to protect the public health and welfare in its district, the NMCHA promulgated what it entitled the Public Health Indoor Air Regulation of 2005 (the regulation). In addition to prohibiting smoking in all public places, the regulation requires employers who do not wholly prohibit smoking at an enclosed place of employment to designate an NMCHA-approved smoking room, *74 which is required by the regulation to be “a separate enclosed area that is independently ventilated so that smoke does not enter other non-smoking areas of the worksite.” The regulation additionally prohibits an employer from discharging, refusing to hire, or otherwise retaliating against an employee for exercising his or her right to the smoke-free environment afforded by the regulation.
After the regulation was approved by each of the four counties, plaintiffs, each of whom resides or operates a business within defendant Charlevoix County, brought this action to invalidate the regulation by judicial declaration that the NMCHA was without authority to promulgate such a regulation and that the regulation itself was preempted by Part 126 of the PHC, MCL 333.12601 et seq., which prohibits smoking in buildings used by the public except in designated areas. In seeking summary disposition on these grounds, plaintiffs argued that nothing in Part 126 of the PHC, which is also known as the Michigan Clean Indoor Air Act (MCIAA),[2] authorizes a local health department to enforce or augment the smoking restrictions set by the MCIAA. Plaintiffs further argued that § 12605 of the MCIAA, MCL 333.12605, grants owners and operators of public places the discretion to choose whether to maintain a smoking section or remain smoke-free, and that this discretion to permit smoking in public places constitutes a statutorily conferred right that a local health department cannot annul by regulation. Moreover, plaintiffs argued, where the owner or operator of a public place chooses to have a designated smoking area, § 12605 requires only that existing physical barriers and ventilation be used to minimize the toxic effects of smoking. Thus, insofar as the NMCHA regulation requires that smoking be restricted to a separate, enclosed area with independent ventilation, it conflicts with the MCIAA and must be found to be invalid
Citing this Court’s decision in Michigan Restaurant Ass’n v City of Marquette, 245 Mich App 63; 626 NW2d 418 (2001), plaintiffs further asserted that smoking is an issue better suited to regulation on a statewide basis, and that local regulation must therefore yield to the preemptive *75 provisions of the MCIAA. Plaintiffs additionally argued that, to the extent the regulation impinges on the common-law right of an employer to discharge an employee at will, the regulation violates public policy and is void. The trial court, however, disagreed and denied plaintiffs’ motion. This appeal followed.
II. ANALYSIS
Plaintiffs assert that the trial court erred in denying their motion for summary disposition. In doing so, plaintiffs again argue that the NMCHA lacked the authority to promulgate regulations restricting smoking and that local regulation was, in any event, preempted by the MCIAA. We disagree.
A. STANDARD OF REVIEW
Resolution of the questions presented on appeal requires the interpretation of statutes, which is a question of law that this Court reviews de novo. See Michigan Coalition for Responsible Gun Owners v Ferndale, 256 Mich App 401, 405; 662 NW2d 864 (2003). When interpreting a statute, this Court’s goal is to ascertain and give effect to the intent of the Legislature by applying the plain language of the statute. Gladych v New Family Homes, Inc, 468 Mich 594, 597; 664 NW2d 705 (2003).
B. OVERVIEW OF THE MICHIGAN CLEAN INDOOR AIR ACT
The MCIAA, enacted in 1986 as Part 126 of the PHC,[3] prohibits smoking “in a public place or at a meeting of a public body, except in a designated smoking area.” MCL 333.12603. Although seemingly broad in scope, “public place,” as defined by the MCIAA, renders the act inapplicable to most private-sector workplaces and public areas that are not themselves enclosed. See MCL 333.12601(m).[4] Also exempt from the requirements of the act are food service establishments,[5] MCL 333.12603(3), private educational facilities “after regularly scheduled school hours,” MCL 333.12603(4), and enclosed private rooms or offices *76 occupied exclusively by a smoker, “even if the room or enclosed office may be visited by a nonsmoker,” MCL 333.12601(2). Further, the MCIAA expressly does not apply to “a room, hall, or building used for a private function if the seating arrangements are under the control of the sponsor of the function and not under the control of the state or local government agency or the person who owns or operates the room, hall, or building.” MCL 333.12603(2).
In all other public places in which smoking is not “prohibited by law,” the MCIAA permits a “person who owns or operates a public place” to designate a smoking area. MCL 333.12605(1).[6] In those public places in which an owner or operator elects to designate a smoking area, the act requires that “existing physical barriers and ventilation systems shall be used to minimize the toxic effect of smoke in both smoking and adjacent nonsmoking areas.” MCL 333.12605(1).[7] The act further requires that seating within the public place be arranged “to provide, as nearly as practicable, a smoke-free area,” MCL 333.12607(b), and that the owner or operator develop, implement, and enforce “a written policy for the separation of smokers and nonsmokers which provides, at a minimum,” for a procedure to receive, investigate, and take action on complaints, and that ensures that nonsmokers will be located closest to the source of fresh air and that special consideration will be given to individuals with a hypersensitivity to tobacco smoke, MCL 333.12605(3); see also MCL 333.12607(c).
C. AUTHORITY OF THE NMCHA TO PROMULGATE SMOKING REGULATIONS
In challenging the validity of the regulation promulgated by the NMCHA, plaintiffs assert that nothing in Part 126 of the PHC authorizes a local health department to enforce or augment the smoking restrictions set by the MCIAA.[8] Plaintiffs argue that, pursuant to MCL 333.12613, implementation and enforcement of the act and rules promulgated thereunder is a power within the exclusive province of the Michigan Department of Community Health. Plaintiffs’ argument in this regard, however, is not sustained by the plain language of § 12613(2) of Part 126, *77 which expressly provides that “the department may authorize a local health department to enforce this part and the rules promulgated under this part.” MCL 333.12613(2).
Moreover, even if the responsibility for the implementation and enforcement of the restrictions established by Part 126 had been exclusively granted to the Department of Community Health, that would not, by itself, deny a local health department the authority to promulgate, implement, and enforce similar regulations of its own making. As previously noted, Part 24 of the PHC authorizes the creation of local health departments such as the NMCHA. See MCL 333.2415 and 333.2421. Pursuant to § 2433 of Part 24, such departments are charged with the duty to
“continually and diligently endeavor to prevent disease, prolong life, and promote the public health through organized programs, including prevention and control of environmental health hazards; prevention and control of diseases; prevention and control of health problems of particularly vulnerable population groups; development of health care facilities and health services delivery systems; and regulation of health care facilities and health services delivery systems to the extent provided by law. [MCL 333.2433(1).]”
The regulation at issue is consistent with these duties and is authorized to be promulgated by the NMCHA under §§ 2435 and 2441 of Part 24, which provide that a local health department may “[a]dopt regulations to properly safeguard the public health,” MCL 333.2435(d), or regulations that “are necessary or appropriate to implement or carry out the duties or functions vested by law in the local health department,” MCL 333.2441(1). See also MCL 333.2433(2)(a) (which provides that a local health department “shall... [implement and enforce' laws for which responsibility is vested in the local health department”). As argued by defendants, the only limitation placed by the Legislature on the promulgation and adoption of such regulations is that they “be at least as stringent as the standard established by state law applicable to the same or similar subject matter.” MCL 333.2441(1).[9] The regulation *78 at issue here, being more restrictive than the standards set by the MCIAA, meets this requirement
We recognize plaintiffs’ argument that, under a plain reading of § 2433(1), the fulfillment of the duties imposed by that section on local health departments is arguably limited to the institution of programs. The section must, however, be read in context and in light of the purpose of both Part 24 and the PHC in general. See Macomb Co Prosecuting Attorney v Murphy, 464 Mich 149, 159; 627 NW2d 247 (2001). As noted earlier, MCL 333.2435(d) expressly grants a local health department authority to “[ajdopt regulations to properly safeguard the public health.” Plaintiffs assert that the Legislature has also granted local health departments more specific powers.[10] However, that does not lessen the general duty and authority of those agencies to protect the public health, MCL 333.2433(1), and to adopt and implement regulations for that purpose, MCL 333.2435(d) and 333.2441(1). In fact, the preliminary provisions of the PHC require that the code and each of its various parts “be liberally construed for the protection of the health, safety, and welfare of the people of this state.” MCL 333.1111(2); see also MCL 333.2401(2) (stating that the “general definitions and principles of construction” contained in article 1 of the PHC, MCL 333.1101 et seq., are “applicable to all articles in this code”), and Frens Orchards, Inc v Dayton Twp Bd, 253 Mich App 129, 134-135; 654 NW2d 346 (2002) (applying the preliminary provisions of the PHC to Part 124 of the code, regulating agricultural labor camps). Because, when so construed, the provisions of Part 24 evince a legislative intent to permit regulation of the kind at issue here, we reject plaintiffs’ assertion that the NMCHA was without authority to promulgate the regulation
E. EMPLOYMENT AT WILL
Finally, plaintiffs argue that because the regulation’s provision that an employer cannot discharge, refuse to hire, or otherwise retaliate against a person for exercising *79 his or her right to a smoke-free environment adversely affects the common-law right of an employer to discharge an employee at will, the NMCHA regulation violates public policy and is therefore void. Again, we disagree.
Plaintiffs correctly argue that, in the absence of a contract providing to the contrary, employment is usually terminable by the employer or the employee at any time, for any or no reason whatsoever. Suchodolski v Michigan Consolidated Gas Co, 412 Mich 692, 694-695; 316 NW2d 710 (1982). It is well settled, however, that an employer is not free to discharge an employee at will when the reason for the discharge contravenes public policy. See id. at 695.
In Suchodolski, supra at 695-696, our Supreme Court provided three examples of public-policy exceptions to an employer’s right to discharge an at-will employee under the employment at will doctrine. An at-will employee’s discharge violates public policy if any one of the following occurs: (1) the employee is discharged in violation of an explicit legislative statement prohibiting discharge of employees who act in accordance with a statutory right or duty; (2) the employee is discharged for the failure or refusal to violate the law in the course of employment; or (3) the employee is discharged for exercising a right conferred by a well-established legislative enactment. Id.
Although not itself a legislative enactment or statement, the regulation at issue here provides employees with certain specified rights and was, as required by MCL 333.2441(1), approved for application by the governing bodies of each of the various counties served by the NMCHA.[17] Given these facts, and considering the public policy of minimizing the effects of smoking evinced by the Legislature through its enactment of Part 126 and § 12905 of Part 129 of the PHC, the regulation’s restriction of the general right to discharge an employee at will is consistent with the exceptions to that doctrine set forth in Suchodolski. Accordingly, we reject plaintiffs’ claim that the regulation’s prohibition in this regard itself violates public policy and is therefore void.
Affirmed.
*82 II. RESPONSE TO JUSTICE MARKMAN’S PARTIAL CONCURRENCE AND PARTIAL DISSENT
Justice MARKMAN agrees that the workplace smoking regulation at issue is “consistent with MCL 333.2433(1), at least to the extent it is designed to ‘prevent disease, [and] prolong life.’ ” Post at 106. Therefore, Justice MARKMAN concludes that the county boards of commissioners acted within their statutory authority when regulating smoking in this particular case. Nevertheless, Justice MARKMAN contends that the anti-retaliation section of this regulation is invalid because it exceeds the legislative authority granted to the county boards of commissioners and, alternatively, because it contravenes the law of at-will employment in this state.
The anti-retaliation section of this regulation essentially ensures that an employee will not be terminated for asserting rights that were granted by the regulation. The Michigan Constitution provides that “[b]oards of supervisors shall have legislative, administrative and such other powers and duties as provided by law.” Const 1963, art 7, § 8. The plain language of the PHC itself places a broad duty on local health departments to take necessary actions for preventing and controlling hazards to human health. Contrary to the partial dissent, we believe that the county boards of commissioners possessed the authority to adopt the anti-retaliation section of this regulation.
*83 The Legislature grants county boards of commissioners the authority to “pass ordinances that relate to county affairs and do not contravene the general laws of this state. .. and pursuant to section 10b provide suitable sanctions for the violation of those ordinances.” MCL 46.11(j). Section 10b provides that county boards of commissioners may impose a sanction of imprisonment for not more than 90 days or a fine of not more than $500 for the violation of an ordinance. MCL 46.10b(l). Additionally, through the PHC, the Legislature provides county boards of commissioners with the authority to approve local health department regulations that are “at least as stringent as the standard established by state law . .. .” MCL 333.2441(1).
It is important to note that the Legislature explicitly instructs that the PHC is to be “liberally construed for the protection of the health, safety, and welfare of the people of this state.” MCL 333.1111(2). The PHC expressly authorizes local health departments to “adopt regulations to properly safeguard the public health and to prevent the spread of diseases and sources of contamination.” MCL 333.2435(d). In addition, the PHC mandates that local health departments “continually and diligently endeavor to prevent disease, prolong life, and promote the public health through organized programs, including prevention and control of environmental health hazards; prevention and control of diseases; [and] prevention and control of health problems of particularly vulnerable population groups . . . .” MCL 333.2433(1) (emphasis added). Furthermore, the PHC expressly directs local health departments to “[implement and enforce laws for which responsibility is vested in the local health department.” MCL 333.2433(2)(a).
As Justice CAVANAGH correctly points out, county boards of commissioners adopting regulations by ma *84 jority vote are essentially functioning as local legislative bodies. In this case, the local health department, the NMCHA, created the regulation and submitted it to the boards for approval, just as MCL 333.2441(1) requires. The submitted regulation provides for a private cause of action against an employer who discharges an employee for asserting rights created by the regulation.
We have already concluded that the Legislature has not expressly limited the exact manner in which a local health department prevents and controls health hazards within its communities. In fact, local health departments are explicitly directed to take action to safeguard the public health. See MCL 333.2435(d); MCL 333.2433(1); MCL 333.2433(2)(a). We conclude that the anti-retaliation provision of this workplace smoking regulation is another method used by the local health department to prevent and control the health hazards caused by secondhand smoke inhalation.
In Mack v Detroit, 467 Mich 186, 189; 649 NW2d 47 (2002), this Court held that a city charter providing a private cause of action against the city itself for discrimination based on sexual orientation contravenes the governmental tort liability act and, therefore, such a cause of action will not be recognized. This Court reasoned that “a governmental agency is immune unless the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government.” Id. at 195. Additionally, this Court noted that exceptions to governmental immunity are narrowly construed. Id. at 196 n 10. However, the majority in Mack expressly limited its analysis to the city’s lack of authority in light of governmental immunity law and declined to address the question whether a city can create a private cause of action against nongovernmental entities. Id. at 197 n 12, 194 n 6.
*85 Justice MARKMAN correctly observes that Mack involved a city’s authority to create a private cause of action, while this particular case involves a county’s authority to do so. Post at 109 n 4. However, we note that in Mack, the majority placed weight on the lack of legislative authorization for the city to create a cause of action and the limitations placed on municipalities by the Legislature. Mack, supra at 195-197. Here, the Legislature has expressly placed the affirmative duty on local health departments to take measures to safeguard human health, MCL 333.2433(1), and authorizes those departments to do so through regulations, MCL 333.2435(d). Again, the Legislature has explicitly instructed that the PHC be liberally construed. MCL 333.1111(2). The regulation imposes smoking restrictions under the stated purpose of protecting “the public health and welfare by regulating smoking in public places and places of employment and recreation in the counties which comprise this multi-county health department.” Section 1011 of the regulation states that an employer may not retaliate against any employee, potential employee, or customer for exercising the right to a healthy work environment provided pursuant to the regulation. Furthermore, § 1012(F) provides that an employee or other private citizen may bring legal action to enforce this right.
While Justice MARKMAN acknowledges the constitutional and statutory authority granted to county boards of commissioners, he alternatively concludes that the private cause of action provision of the regulation at issue is invalid on the basis that it “contravenes the law of at-will employment in this state.” Post at 108. We, instead, agree with the Court of Appeals that the private cause of action in this particular regulation falls within Suchodolski’s three examples of public policy exceptions to the common law at-will employment doctrine.
*86 In Suchodolski v Michigan Consolidated Gas Co, 412 Mich 692, 694-695; 316 NW2d 710 (1982), this Court held that while either party to an employment contract for an indefinite term may generally terminate the employment at any time for any, or no, reason, “some grounds for discharging an employee are so contrary to public policy as to be actionable.” Examples of exceptions to Michigan’s at-will employment doctrine, as explained in Suchodolski, include “adverse treatment of employees who act in accordance with a statutory right or duty,” an employee’s “failure or refusal to violate a law in the course of employment,” and an employee’s “exercise of a right conferred by a well-established legislative enactment.” Id. at 695-696.
Because the regulation grants employees the right to a smoke-free work environment, the retaliatory discharge of an employee exercising this right would constitute “adverse treatment of employees who act in accordance with a statutory right or duty.” Suchodolski, supra at 695. Citing Dudewicz v Norris-Schmid, 443 Mich 68, 80; 503 NW2d 645 (1993), Justice MARKMAN argues that if the regulation is enforceable under the Whistleblowers’ Protection Act (WPA), MCL 15.361 et seq., then a public policy claim for its violation is not viable. Post at 112 n 8. We first note that Dudewicz involved an employee who filed a criminal complaint against a fellow employee and was then discharged. In this case, we are simply concerned with the county’s authority to adopt the anti-retaliation provision and provide for a private cause of action in order to enforce its regulations, and the WPA does not effectively negate the authority granted by the Legislature in the PHC. Furthermore, in Dudewicz this Court only reviewed the Court of Appeals’ application of Suchodolski in light of the first example of exceptions to the at-will employment doctrine. Id. at 72.
*87 Because the private cause of action in the regulation also constitutes the “exercise of a right conferred by a well-established legislative enactment,” we disagree with Justice MARKMAN that it is necessary to remand this case in order to consider whether the regulation at issue may be enforced under the WPA. Part 126 of the PHC was clearly enacted by the Legislature in an effort to minimize the toxic effect of smoking. See MCL 333.12605. Pursuant to the authority granted by the Legislature, the county boards of commissioners adopted the regulation in an effort to further that same goal. Again, the regulation was adopted by the county boards of commissioners while they were functioning as local legislative bodies and exercising the authority granted to them by the Legislature in the PHC. In addition, the Legislature expressly authorizes a local health department to enforce part 126, and rules promulgated under it, by any “appropriate action authorized by law.” MCL 333.12613(2). Therefore, we agree with the Court of Appeals’ conclusion that the regulation was enacted pursuant to the authority granted by the Legislature in MCL 333.2433(1), and the plain language of MCL 333.12613(2) does not limit the enforcement of such regulations to state departments of community health.
III. CONCLUSION
Given the Legislature’s statutory mandates to minimize the toxic effects of smoking on human health, the authority granted in the PHC to local health departments to prevent and control human health hazards and the facts of this particular case, we disagree with the partial concurrence and partial dissent’s view that the Suchodolski exceptions to the at-will employment doctrine cannot possibly apply here. We, therefore, *88 adopt the Court of Appeals’ opinion, which correctly concluded that the NMCHA and the local boards of commissioners were authorized to enact the regulation.
Affirmed.
Kelly, C.J., and Cavanagh and Hathaway, JJ., concurred with Weaver, J.

 We have eliminated only that portion of the Court of Appeals opinion that addresses the issue of preemption, because we do not believe that a preemption analysis is necessary for the resolution of the issues before us at this time. We do not disturb the Court of Appeals’ ruling on that issue.

 *80 1 Pursuant to § 2415 of Part 24, “[t]wo or more counties ... , by a majority vote of each local governing entity and with approval of the [state] department [of community health], may unite to create a district health department.” MCL 333.2415.

 *80 See MCL 333.12616.

 *80 See 1986 PA 198, effective January 1, 1987.

 *80 MCL 333.12601(m)(i) defines "public place" as
"fain enclosed, indoor area owned or operated by a state or local governmental agency and used by the general public or serving as a place of work for public employees or a meeting place for a public body, including an office, educational facility, home for the aged, nursing home, county medical care facility, hospice, hospital long-term care unit, auditorium, arena, meeting room, or public conveyance."
Enclosed indoor areas that are not owned or operated by a state or local governmental unit, but are included in the definition of “public place” if used by the general public, include educational facilities, homes for the aged, nursing homes, county medical care facilities, hospices, hospital long-term care units, auditoriums, arenas, theaters, museums, concert halls, and “[a]ny other facility during the period of its use for a performance or exhibit of the arts.” MCL 333.12601(m)(ii)(A)-(H).

 *80 As discussed infra, smoking in food service establishments is nonetheless regulated under Part 129 of the PHC, MCL 333. 12905 et seq.

 *80 Note, however, that the MCIAA places slightly more stringent requirements on two types of facilities: child care and health facilities. In child care facilities or on property under the control of a child care facility, smoking is completely prohibited. MCL 333.12604. In health facilities, smoking is allowed only in a designated area that is "enclosed and ventilated or otherwise constructed to ensure a smoke free environment in patient care and common areas." MCL 333.12604a(2)(b). Further, in a health facility, patients may smoke only if a "prohibition on smoking *81 would be detrimental to the patient’s treatment as defined by medical conditions identified by the collective health facility medical staff.” MCL 333.12604a(2)(a). Patients who are permitted to smoke must, however, be in a separate room from nonsmoking patients. Id.

 *81 7 However, “[i]n the case of a public place consisting of a single room, the state or governmental agency or person who owns or operates the single room” is considered to be in compliance with the act “if V2 of the room is reserved and posted as a no smoking area.” MCL 333.12605(2).

 *81 8 Although the trial court’s failure to address the authority of the NMCHA to promulgate the regulation at issue renders the issue unpreserved for review on appeal, Fast Air, Inc v Knight, 235 Mich App 541, 549; 599 NW2d 489 (1999), this Court may review an unpreserved issue if it is one of law and the facts necessary for resolution of the issue have been presented, Adam v Sylvan Glynn Golf Course, 197 Mich App 95, 98-99; 494 NW2d 791 (1992). As presented both below and on appeal, the question whether the NMCHA is authorized to develop regulations restricting smoking presents an issue of statutory interpretation, which is a question of law for which the facts necessary for its resolution are sufficiently present to permit this Court’s review. See Michigan Coalition, supra at 405.

 *81 9 Unlike Part 24 of the PHC, the regulatory enabling statute at issue in DABE, Inc v Toledo-Lucas Co Bd of Health, 96 Ohio St 3d 250; 773 NE2d 536 (2002), does not contain a similar statement evincing a legislative intent to permit coequal regulation of the public health by a local health department. Thus, we reject plaintiffs’ reliance on that case as support for their assertion that the NMCHA was without authority to promulgate the regulation at issue in this case.

 *81 10 See, e.g., MCL 333.2455, which permits a local health department to “issue an order to avoid, correct, or remove ... a building or condition which violates health *82 laws or which the local health officer . . . reasonably believes to be a nuisance, unsanitary condition, or cause of illness.”

 *82 17 MCL 333.2441(1) provides, in relevant part, that regulations adopted by a local health agency “shall be approved or disapproved by the local governing entity.”