# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

*In re* FORFEITURE OF 2006 SATURN ION

Docket No. 164360. Argued on application for leave to appeal December 6, 2023. Decided July 22, 2024.

The people of the state of Michigan (plaintiff) initiated forfeiture proceedings pursuant to MCL 333.7521 of Michigan's controlled substances act, MCL 333.7101 *et seq*., in the Wayne Circuit Court after seizing a 2006 Saturn Ion (the defendant vehicle) that had been driven by claimant, Stephanie Wilson, when she was pulled over by a police officer. The police officer had been surveilling a house in Detroit for narcotics activity when he saw claimant drive up and park in front of the house; Malcolm Smith was in the passenger seat. An unidentified man approached the passenger side of the defendant vehicle and reached his arm in through the window for what the officer believed to be a hand-to-hand drug transaction. After claimant drove away, the officer followed the defendant vehicle a short distance before effectuating a traffic stop on the basis of a failure to signal a turn. The officer testified that when he pulled claimant over, claimant stated that she had driven Smith to the house to purchase drugs; claimant denied saying this. After speaking to claimant and Smith, the officer searched the defendant vehicle and found five empty syringes under the passenger seat but no other evidence of drugs. Although the officer averred that Smith stated that he had already used the syringes to inject heroin, the syringes were never tested for drug residue. The officer seized the defendant vehicle. Nearly four months later, plaintiff initiated forfeiture proceedings. Following discovery, claimant moved for summary disposition on three bases, arguing that plaintiff failed to properly file its complaint for forfeiture, that plaintiff failed to state a claim on which relief could be granted, and that there was no material factual dispute. After a hearing at which both parties presented evidence, the court, David J. Allen, J., granted summary disposition to claimant without specifying the ground on which the ruling was based; the court found that the officer appeared to have witnessed a hand-to-hand transaction but that such an interaction would not necessarily involve drugs. Plaintiff filed a motion for reconsideration, a motion to stay, and an ex parte motion for relief from judgment. The trial court denied these motions and directed plaintiff to release claimant's vehicle immediately. Plaintiff appealed, and in an unpublished per curiam opinion issued on March 24, 2022 (Docket No. 357183), the Court of Appeals, O'BRIEN, P.J., and BOONSTRA, J. (SHAPIRO, J., dissenting), reversed the trial court ruling, holding that a reasonable fact-finder could conclude that claimant used her vehicle to drive to a "drug house" intending to purchase heroin, her passenger purchased some heroin, and claimant drove off with the heroin in the vehicle and that, if proved, these facts would establish that the vehicle was subject to forfeiture. Claimant sought leave to appeal in the

Supreme Court, and in lieu of granting leave to appeal, the Supreme Court ordered and heard oral argument on the application. 510 Mich 943 (2022).

In an opinion by Justice BERNSTEIN, joined by Chief Justice CLEMENT and Justices ZAHRA, CAVANAGH, WELCH, and BOLDEN, the Supreme Court, in lieu of granting leave to appeal, *held*:

MCL 333.7521(1)(d) states that except as provided in MCL 333.7521(1)(d)(*i*) to (*iv*), the following property is subject to forfeiture: a conveyance, including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in MCL 333.7521(1)(a) (which includes a controlled substance) or MCL 333.7521(1)(b). There are five elements to MCL 333.7521(1)(d): (1) a conveyance that is (2) used or intended to be used to (3) transport or facilitate the transportation (4) for the purpose of the sale or receipt of (5) property described in MCL 333.7521(1)(a) or (b). These elements are plainly related and interdependent; each individual element must be present for the statute to apply. MCL 333.7521(1)(d) requires the transportation of drugs (or another form of illicit property as defined by the statute) so that the transportation element is not fulfilled by the transportation of an individual to a site where the property will be obtained. The only plausible object of the word "transport" in MCL 333.7521(1)(d) is "property described in" MCL 333.7521(1)(a) or (b). Accordingly, the transportation element could not be fulfilled by the movement of the vehicle alone or by the transportation of something else, such as an individual. The Court of Appeals majority and dissent failed to take into account that "transporting drugs" under the statute does not encompass someone using drugs in a vehicle. The Court of Appeals' reading glossed over the fourth element of the statute: "for the purpose of sale or receipt." This clause could not be understood without a direct object, an item to be sold or received; the clause could only plausibly refer to "property described in" MCL 333.7521(1)(a) or (b). Accordingly, it is not sufficient for illicit property to simply be transported within a conveyance—the statute requires that the illicit property be transported within a conveyance for the purpose that the property be sold or received. To give full effect to MCL 333.7521(1)(d), all elements have to be fulfilled simultaneously—there must be a conveyance used or intended to be used to transport illicit property that will be sold or received. Permitting forfeiture on the basis of only some of the elements—for example, using a vehicle to transport an individual to a location to sell or receive illicit property without transportation of or an intent to transport that property, or transportation of property without an intent that it be sold or received—would fail to give meaning to the entirety of the statute and its plain language. In this case, the first, second, and fifth elements were not at issue. The defendant vehicle was a "conveyance" for purposes of the first element because the statute defined that term to include a vehicle. As to the second element, there was no dispute that claimant used the defendant vehicle when she drove it during the events underlying this case. The presence of the fifth element was plainly alleged; property described in MCL 333.7521(1)(a) includes a "controlled substance," a category that is defined to encompass heroin. The focus was therefore on the transportation and purpose elements: whether the defendant vehicle was used or intended to be used to transport or facilitate the transportation for the purpose of sale or receipt of the illicit property. Viewing the facts in the light most favorable to plaintiff in this case, not all the elements of MCL 333.7521(1)(d) were fulfilled concurrently. Claimant drove Smith to a known "drug house" where Smith intended to purchase and did purchase heroin, then claimant drove away with Smith and the heroin in the defendant vehicle. A reasonable fact-finder could conclude that claimant drove Smith in the defendant vehicle to the house to buy drugs, thus

fulfilling the conveyance, use, and property elements; however, there was no reasonable suggestion that the defendant vehicle was being used to transport or facilitate the transportation of drugs at that time. A reasonable fact-finder could also accept that Smith bought drugs via a hand-to-hand transaction while seated in the defendant vehicle, but this transaction could not reasonably be said to involve transportation. Finally, a reasonable fact-finder could conclude that claimant's vehicle transported drugs down the road some distance before being pulled over; however, this transportation could not be said to have been for the purpose of sale or receipt of the drugs. The only intended sale in plaintiff's theory of the case was concluded in front of the house, when Smith received the drugs before claimant drove away. Because the evidence presented demonstrated that the drugs were for Smith's personal use, there could be no further purpose of sale or receipt. Under these facts, there was no point in time where a reasonable fact-finder could have concluded that all the required elements of MCL 333.7521(1)(d) were present. Therefore, the defendant vehicle was not subject to forfeiture under this provision as a matter of law.

Court of Appeals judgment reversed; Wayne Circuit Court's grant of summary disposition in favor of claimant reinstated.

Justice VIVIANO, dissenting, would have held that claimant's vehicle was subject to forfeiture under MCL 333.7521(1)(f). MCL 333.7521(1)(f) includes as property subject to forfeiture any thing of value that is used or intended to be used to facilitate any violation of Article 7 of the Public Health Code, including, but not limited to, money, negotiable instruments, or securities. In this case, claimant's vehicle was used to facilitate a drug transaction because she used it to transport the passenger to and from the drug house to purchase drugs; accordingly, forfeiture of claimant's vehicle was warranted under MCL 333.7521(1)(f), and the difficult interpretive issues presented under MCL 333.7521(1)(d) did not need to be resolved. Justice VIVIANO questioned whether the majority's narrow interpretation of the word "receipt" in MCL 333.7521(1)(d) was correct. The majority never defined "receipt" but instead adopted a narrow interpretation of MCL 333.7521(1)(d) that implied that "receipt" was a discrete event that takes place at one point in time. In the context of the statute, "receipt" means the act or process of receiving something. As applied in this case, it would be reasonable to conclude that claimant's vehicle was subject to forfeiture under MCL 333.7521(1)(d) because she used it to transport drugs for the purpose of receiving them when she drove off with heroin in her vehicle. Therefore, Justice VIVIANO questioned the majority's position that forfeiture is only appropriate if the transportation of the drugs precedes their receipt. Justice VIVIANO would have affirmed the Court of Appeals on other grounds and would have remanded the case to the trial court for it to address additional issues the claimant raised that had not been resolved.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED July 22, 2024

S T A T E   O F   M I C H I G A N

SUPREME COURT

*In re* FORFEITURE OF 2006 SATURN ION.

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v                                                                                    No. 164360

2006 SATURN ION,

        Defendant,

and

STEPHANIE WILSON,

        Claimant-Appellant.

BEFORE THE ENTIRE BENCH

BERNSTEIN, J.

In this case, we consider the scope of forfeiture under Michigan's controlled substances act, MCL 333.7101 *et seq*. Specifically before us is the question of whether the defendant vehicle was subject to forfeiture under the terms of MCL 333.7521(1)(d).

Because we conclude that this provision requires that a vehicle was used or was intended to be used for the transportation of materials specified within the statute for the purpose of their sale or receipt, and because we also conclude that under the facts presented here the defendant vehicle could not be determined to have been used or intended to be used to transport illicit materials for such a purpose, we hold that the defendant vehicle was not subject to forfeiture under MCL 333.7521(1)(d). We therefore reverse the judgment of the Court of Appeals and reinstate the Wayne Circuit Court's grant of summary disposition in favor of claimant.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 24, 2019, claimant Stephanie Wilson was driving in the defendant vehicle with Malcolm Smith in the passenger seat when she was pulled over by Sergeant Chivas Rivers of the Wayne County Sheriff's Office. Sergeant Rivers testified at his deposition that he had been surveilling a house on Lumley Street in Detroit for narcotics activity when he saw claimant and Smith drive up and park in front of that house. An unidentified man approached the passenger side of the defendant vehicle and reached his arm in through the window for what Sergeant Rivers believed to be a hand-to-hand drug transaction. After claimant drove away, Sergeant Rivers followed the defendant vehicle a short distance before effectuating a traffic stop on the basis of a failure to signal a turn. Sergeant Rivers testified that, when he pulled claimant over, she stated that she had driven Smith to the Lumley Street address to purchase drugs. Claimant has denied saying this. After speaking to claimant and Smith, Sergeant Rivers searched the defendant vehicle and found five empty syringes under the passenger seat but no other evidence of drugs. Although Sergeant

2

Rivers averred that Smith stated that he had already used the syringes to inject heroin, it appears that the syringes were never tested for drug residue. Sergeant Rivers seized the defendant vehicle. Nearly four months later, the state initiated forfeiture proceedings pursuant to MCL 333.7521.

Following discovery, claimant moved for summary disposition on three bases: (1) MCR 2.116(C)(7) (plaintiff failed to promptly file its complaint for forfeiture); (2) MCR 2.116(C)(8) (plaintiff failed to state a claim on which relief could be granted); and (3) MCR 2.116(C)(10) (there was no material factual dispute, and claimant was entitled to judgment as a matter of law). The trial court held a hearing and considered arguments from both parties regarding the facts surrounding the seizure of the defendant vehicle. Finding that Sergeant Rivers appeared to have witnessed a hand-to-hand transaction but that such an interaction would not necessarily involve drugs, the trial court granted summary disposition to claimant without explicitly specifying the ground on which the ruling was based. Plaintiff filed a motion for reconsideration, a motion to stay, and an ex parte motion for relief from judgment. The trial court denied these motions and directed plaintiff to release claimant's vehicle immediately.

The Court of Appeals, considering plaintiff's appeal under the standard applicable to MCR 2.116(C)(10), reversed the trial court ruling in an unpublished per curiam opinion and remanded the case for further proceedings, holding that

> a reasonable factfinder could conclude that claimant used her vehicle to drive
> to a "drug house" intending to purchase heroin, her passenger purchased
> some heroin, and then claimant drove off with the heroin in the vehicle. If
> proven, these facts would establish that the vehicle is subject to forfeiture
> under MCL 333.7521(1)(d). [*In re Forfeiture of 2006 Saturn Ion*,

3

unpublished per curiam opinion of the Court of Appeals, issued March 24, 2022 (Docket No. 357183), p 4.]

Judge SHAPIRO dissented, stating that he would have affirmed the trial court's grant of summary disposition on the basis that "the forfeiture statute does not apply when the vehicle is used to transport an individual to procure a small amount of drugs that is immediately consumed." *Id*. (SHAPIRO, J., dissenting) at 1.

Claimant appealed in this Court, and in lieu of granting leave to appeal, we ordered oral argument on the application. *In re Forfeiture of 2006 Saturn Ion*, 510 Mich 943 (2022).

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim.[1] *Id*., citing *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In reviewing a motion under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120. A genuine issue of material fact remains where, considering the record under this standard, reasonable minds might differ. *Johnson*, 502 Mich at 761.

Questions of statutory interpretation are questions of law that we review de novo. *Wyandotte Electric Supply Co v Electrical Technology Sys, Inc*, 499 Mich 127, 137; 881

---

[1] We do not disagree with the Court of Appeals' conclusion that the trial court's order in this case is best understood as a decision rendered under MCR 2.116(C)(10), see *In re Forfeiture of 2006 Saturn Ion*, unpub op at 3, and so we apply this standard.

NW2d 95 (2016). In interpreting a statute, our primary goal is to ascertain the Legislature's intent, the foremost indicator of which is the statutory language. *ACLU of Mich v Calhoun Co Sheriff's Office*, 509 Mich 1, 8; 983 NW2d 300 (2022). "Therefore, we start by examining the words of the statute, which 'should be interpreted on the basis of their ordinary meaning and the context within which they are used in the statute.' " *People v Harris*, 499 Mich 332, 345; 885 NW2d 832 (2016), quoting *People v Zajaczkowski*, 493 Mich 6, 13; 825 NW2d 554 (2012).

### III. ANALYSIS

### A. THE FORFEITURE STATUTE

The forfeiture in the instant case was executed under MCL 333.7521(1)(d), which appears within Michigan's controlled substances act. The forfeiture provision provides, in relevant part:

> (1) The following property is subject to forfeiture:
>
> * * *
>
> (d) Except as provided in subparagraphs (*i*) to (*iv*), a conveyance, including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) or (b)[.] [*Id.*]

Breaking down this provision to its most discrete composite parts, we conclude that there are five elements to MCL 333.7521(1)(d). The statute covers: (1) a conveyance that is (2) used or intended to be used to (3) transport or facilitate the transportation (4) for the purpose of the sale or receipt of (5) property described in MCL 333.7521(1)(a) or (b). These elements are plainly related and interdependent, and we must read each of them in the full context of the statute to discern the Legislature's plain intent. See *People v*

5

*Vanderpool*, 505 Mich 391, 398; 952 NW2d 414 (2020) ("Statutory provisions 'cannot be read in isolation, but instead must be read reasonably and in context.' "), quoting *People v Cunningham*, 496 Mich 145, 154; 852 NW2d 118 (2014). With that said, each individual element must be present for the statute to apply, because we are bound to give meaning to each and every word in the statute so as not to render any portion nugatory or surplusage. See *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015).

Our interpretation of the forfeiture statute is subject to two seemingly competing principles. On one hand, the penal nature of the statute and the notion that forfeiture is generally disfavored suggest that the provision ought to be construed strictly in favor of the claimant; and on the other, the forfeiture statute appears within the Public Health Code, MCL 333.1101 *et seq*., and a statute enacted to promote the health and welfare of the citizenry is generally construed liberally. See *In re Forfeiture of $5,264*, 432 Mich 242, 258-259; 439 NW2d 246 (1989) ("First, while we recognize the settled principle that forfeitures are not favored in the law, we must also attach some significance to the Legislature's express mandate in MCL 333.1111(2) to liberally construe the Public Health Code 'for the protection of the health, safety, and welfare of the people of this state.' The controlled substances act is embodied in article 7 of the Public Health Code. Section 7101(2) of that article expressly provides that the 'definitions and *principles of construction* [*in article 1 are*] *applicable to all articles in this code.*' MCL 333.7101(2) (emphasis added). Thus, by virtue of the Legislature's express commands in §§ 1111(2) and 7101(2), we must liberally interpret § 7521(1)(f) in order to promote the health, safety, and welfare of Michigan citizens.") (alteration in original; citations omitted). However,

6

regardless of which of these principles carries the day, we must not step outside the plain language of the statute.

We now look to the elements that comprise MCL 333.7521(1)(d). Beginning with the elements whose meanings are not presently contested, it is plain that the defendant vehicle is a "conveyance" for the purpose of the first element, as the statute defines this term to include a vehicle. We see no need to address this element further. The second element—addressing the use or intended use of the defendant vehicle—is, on its face, straightforward in that a vehicle is used when it is driven. There is no dispute that claimant drove the defendant vehicle during the events underlying this case. Relevant to the instant case, "property described in subdivision (a)" includes a "controlled substance," a category that is defined to encompass heroin, MCL 333.7521(1)(a), so the presence of the fifth element has been plainly alleged, and it is only in question insofar as it relates to the other elements. Our focus therefore centers on the transportation and purpose elements as we seek to answer the question posed by the statute—was the vehicle used or intended to be used to transport or facilitate the transportation for the purpose of sale or receipt of the illicit property in question?

The Court of Appeals majority appears to have reached its holding based in large part on the transportation element. As noted earlier, the Court of Appeals concluded on the basis of the testimony of Sergeant Rivers that a finder of fact could conclude that claimant used the defendant vehicle to drive herself and Smith to a "drug house," that Smith purchased heroin, and that claimant drove off with the heroin in the vehicle; and the Court held that these reasonable inferences were sufficient to support a forfeiture of the defendant vehicle under the statute. *In re Forfeiture of 2006 Saturn Ion*, unpub op at 4. Addressing

7

claimant's argument that these facts only showed that she had driven an individual to purchase drugs, the Court of Appeals further explained, "viewing the evidence in the light most favorable to plaintiff—as it must be at this stage in the proceedings—a reasonable factfinder could infer that claimant used her vehicle to transport the heroin after Smith purchased it." *Id*.

Judge SHAPIRO's dissent also focused on the transportation element:

> Applied to this case, to be subject to forfeiture, claimant's vehicle must have been used, or intended to have been used, for the transportation of drugs. As claimant argues, however, even if the testimony of Sergeant Chivas Rivers is accepted as true, the prosecution has produced no evidence that her vehicle was used to transport illegal drugs. According to the officer, he observed an alleged hand-to-hand transaction involving claimant's vehicle. Shortly after the vehicle pulled away, Rivers initiated a traffic stop on the basis of claimant not using a turn signal. It is undisputed that a search of the vehicle and its occupants produced no drugs. Indeed, Malcolm Smith's alleged comments to the officer indicates that he already consumed the $10 of heroin that he had purchased by the time of the stop.

> Thus, in no sense was claimant's vehicle used for the transportation of drugs. The word "transportation" denotes traveling from one place to another. See *Merriam-Webster's Collegiate Dictionary* (11th ed) (defining "transportation" in part as "means of conveyance or travel from one place to another"). Here, the vehicle did not move the drugs from one location to another. Rather, the vehicle was used to transport an *individual* to a drug sale, upon which the drugs were immediately (or nearly immediately) consumed. [*Id*. (SHAPIRO, J., dissenting) at 1-2.]

We agree with the Court of Appeals majority and dissent to the extent that they concluded that the forfeiture statute mandates the transportation of drugs (or another form of illicit property as defined by the statute) so that the transportation element is not fulfilled by the transportation of an individual to a site where the property will be obtained. MCL 333.7521(1)(d) requires the use of a conveyance "to transport, or in any manner to facilitate

8

the transportation . . . ." The word "transport" is a transitive verb that requires a direct object. See *Merriam-Webster's Collegiate Dictionary* (11th ed). Looking to MCL 333.7521(1)(d), the only plausible object of this word in the text is "property described in subdivision (a) or (b)." Therefore, the transportation element could not be fulfilled by the movement of the vehicle alone or by the transportation of something else, such as an individual.

However, in stopping the inquiry here, the Court of Appeals majority and dissent failed to take into account that "transporting drugs" under the statute does not encompass someone using drugs in a vehicle. The Court of Appeals' reading glosses over the fourth element of the statute: "for the purpose of sale or receipt." As with the word "transport," this is a clause that cannot be understood without a direct object, an item to be sold or received, and once again, within the context of the statute, this clause can only plausibly refer to "property described in subdivision (a) or (b)." Therefore, it is not sufficient for illicit property to simply be transported within a conveyance—the statute requires that the illicit property be transported within a conveyance for the purpose that the property be sold or received.

In order to give full effect to the statute, then, all of these elements must be fulfilled simultaneously—there must be a conveyance used or intended to be used to transport illicit property that will be sold or received. To permit forfeiture on the basis of only some of the elements—for example, using a vehicle to transport an individual to a location to sell or receive illicit property without transportation of or an intent to transport that property,

9

or transportation of property without an intent that it be sold or received—would fail to give meaning to the entirety of the statute and its plain language.[2]

We note that Michigan's forfeiture statute is based on a nearly identical provision in the Uniform Controlled Substances Act of 1970, § 505, and that a number of our sister states have adopted or previously had identical or nearly identical language in their own civil forfeiture statutes. See, e.g., Ark Code Ann 5-64-505(a)(4); Conn Gen Stat 21a-246(d)(4); Haw Rev Stat 329-55(a)(4); Ky Rev Stat Ann 218A.410(1)(h); NM Stat Ann 30-31-34(C); ND Cent Code 19-03.1-36(1)(e); Wis Stat 961.55(1)(d); Wyo Stat Ann 35-7-1049(a)(v). We find it highly relevant that courts in some of these states have concluded, as we do now, that the language we consider here requires more than mere possession of illicit substances and that the additional elements of the forfeiture statute must be present. See, e.g., *Reeder v State ex rel Myers*, 294 Ala 260, 265; 314 So 2d 853 (1975) ("We conclude that the word, 'receipt,' as used in this statute means receiving for the purpose of sale or in some way to facilitate the sale of drugs. It does not mean possession merely."); *Ridenhour v State*, 98 Ark App 116, 121; 250 SW3d 566 (2007) ("In the case at bar, all of the evidence presented to the trial court established that [the claimant] was in possession of marijuana. However, mere possession of a controlled substance does not satisfy the

---

[2] As a hypothetical example of a scenario that would fulfill all the elements of the statute under the "receipt" prong, consider an individual who drives from Lansing to Detroit with a large quantity of heroin. The individual does not intend to sell the heroin to buyers in Detroit but to deliver it to co-conspirators in Detroit who will, in turn, sell it to individual buyers. The phrase "for the purpose of sale" may not apply in this instance because the driver has no particular drug sale in mind during this trip. The phrase "for the purpose of . . . receipt" fills the gap and ensures that the statute encompasses vehicles involved in all stages of drug trafficking.

requirements set forth in the civil forfeiture statute. The statute requires that the State establish by a preponderance of the evidence that [the claimant's] truck was being used to transport marijuana 'for the purpose of sale or receipt.' "); *One 1977 Porsche 911S v Washoe Co ex rel Washoe Co Sheriff's Dep't Consol Narcotics Unit*, 100 Nev 210, 210-211; 678 P2d 1150 (1984) ("The vehicle was apparently used a number of times by its owner to travel to and from the location at which he purchased a controlled substance for his own use. On some occasions, the vehicle owner apparently used the controlled substance at the site of purchase, but he often took with him an amount of the controlled substance, for later use, when he drove away in the vehicle. Respondent does not contend that the vehicle owner was a seller or distributor of controlled substances. The owner's only involvement here was his purchasing of a controlled substance for his own personal use. We hold that because the vehicle was used only in conjunction with the owner's possession of a controlled substance, rather than for the purpose of sale, forfeiture of the vehicle under NRS 453.301(5) was improper."). Although we are, of course, not strictly bound to follow the example of those states that have also adopted the language of the Uniform Controlled Substances Act, we find their precedent in this context highly persuasive. See MCL 333.7121(2) ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states which enact laws similar to it."). We are unaware of any

11

instances of our sister states who have adopted this language reaching a different conclusion.[3]

## B. APPLICATION

With these principles in mind, we turn to the facts alleged in the instant case. Viewing these facts in the light most favorable to plaintiff, we conclude that not all of the elements of MCL 333.7521(1)(d) were fulfilled concurrently. The testimony of Sergeant Rivers was that claimant drove Smith to a known "drug house" on Lumley Street where Smith intended to purchase and did purchase heroin, then claimant drove away with Smith and the heroin in the defendant vehicle, which was pulled over by Sergeant Rivers shortly thereafter. A reasonable fact-finder might credit this narrative and conclude that claimant did indeed drive Smith in the defendant vehicle to the Lumley Street address to buy drugs, fulfilling the conveyance, use, and property elements of MCL 333.7521(1)(d), but there is no reasonable suggestion that the defendant vehicle was being used to transport or facilitate the transportation of drugs at that time. A reasonable fact-finder might also accept that Smith bought drugs via a hand-to-hand transaction while seated in the defendant vehicle, but this transaction cannot reasonably be said to involve transportation. Notwithstanding

---

[3] We note that the interpretation favored by our sister states and adopted here is also consistent with the intent identified in the comment to § 505 of the Uniform Controlled Substances Act, which reads, in pertinent part:

> Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by drug traffickers in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and to deprive the drug trafficker of needed mobility. [Uniform Controlled Substances Act, § 505, comment (1970).]

the apparent absence of drugs in the defendant vehicle, a reasonable fact-finder could even conclude that claimant's vehicle transported drugs down the road some distance before being pulled over. However, this transportation cannot be said to have been for the purpose of sale or receipt of the drugs. The only intended sale in plaintiff's theory of the case was concluded in front of the house on Lumley Street, when Smith received the drugs before claimant drove away. Because the evidence presented demonstrated that the drugs were for Smith's personal use, there could be no further purpose of sale or receipt. Under these facts, there was no point in time where a reasonable fact-finder could have concluded that all of the required elements of MCL 333.7521(1)(d) were present. Therefore, the defendant vehicle was not subject to forfeiture under this provision as a matter of law.

## IV. CONCLUSION

For the reasons stated in this opinion, we conclude that MCL 333.7521(1)(d) requires that a vehicle be used or intended to be used for the transportation of materials specified within the statute for the purpose of their sale or receipt before a forfeiture may be effected. Because we conclude that the facts presented here, even considered in a light most favorable to plaintiff, do not support an inference that the defendant vehicle was used or intended to be used to transport illicit materials for their sale or receipt, we hold that the defendant vehicle was not subject to forfeiture under MCL 333.7521(1)(d).[4] We therefore

---

[4] Justice VIVIANO would have us find the seizure of the defendant vehicle valid under MCL 333.7521(1)(f). As the prosecution has not made this argument before this Court or before the Court of Appeals, we have declined to consider it here. See *Greenlaw v United States*, 554 US 237, 243-244; 128 S Ct 2559; 171 L Ed 2d 399 (2008) (explaining the presentment principle and noting that "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present"); see also *Mich Gun Owners, Inc v Ann Arbor Pub Sch*, 502 Mich 695, 709-710; 918 NW2d 756 (2018)

13

reverse the judgment of the Court of Appeals and reinstate the Wayne Circuit Court's grant of summary disposition in favor of claimant.

Richard H. Bernstein
Elizabeth T. Clement
Brian K. Zahra
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

---

(applying *Greenlaw* and declining to reach an issue that the plaintiffs had declined to present).

*In re* FORFEITURE OF 2006 SATURN ION.

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v                                                                    No. 164360

2006 SATURN ION,

        Defendant,

and

STEPHANIE WILSON,

        Claimant-Appellant.

VIVIANO, J. (*dissenting*).

I question whether the majority's narrow interpretation of the word "receipt" in MCL 333.7521(1)(d) is correct. Although it is not a model of clarity, I believe that Subsection (1)(d) can reasonably be interpreted more broadly as subjecting plaintiff's vehicle to forfeiture under the facts of this case. I would not resolve the difficult interpretive issues presented under Subsection (1)(d), however, because claimant's vehicle was clearly subject to forfeiture under MCL 333.7521(1)(f). As a result, I would affirm the Court of Appeals on other grounds.

Like we do with other statutes, we interpret the civil forfeiture statute in the Public Health Code "to discern and give effect to the Legislature's intent, and in doing so we focus on the statute's text." *Clam Lake Twp v Dep't of Licensing & Regulatory Affairs*, 500 Mich

362, 373; 902 NW2d 293 (2017). Terms that are not defined in the statute "are presumed to have their ordinary meaning, unless they 'have acquired a peculiar and appropriate meaning in the law,' in which case we accord them that meaning." *Id*., quoting MCL 8.3a. Finally, "[t]he statute must be considered as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Id*. (quotation marks and citation omitted).

As an initial matter, I agree with the majority that instead of a strict or liberal reading, we should give the statute a fair interpretation.[1] For purposes of my dissent, I will assume the majority is correct that Subsection (1)(d) requires a vehicle to be used (or intended for use) to transport drugs (or other illicit property as defined by the statute), and not simply to transport an individual to a drug transaction.[2] But the majority never defines "receipt" even though it is one of the key terms in this case. Instead, it adopts a narrow interpretation of Subsection (1)(d) that implies "receipt" is a discrete event that takes place

---

[1] *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 553 n 18; 886 NW2d 113 (2016) (agreeing that a "provision requiring that a statute be liberally construed 'should be regarded as requiring a fair interpretation as opposed to a strict or crabbed one— which is what courts are supposed to provide anyway' "), quoting Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 233 (quotation marks and citation omitted).

[2] The majority does not seem to take issue with the Court of Appeals majority's finding that, considering the facts in the light most favorable to the prosecution, "a reasonable factfinder could conclude that claimant used her vehicle to drive to a 'drug house' intending to purchase heroin, her passenger purchased some heroin, and then claimant drove off with the heroin in the vehicle." *In re Forfeiture of 2006 Saturn Ion*, unpublished per curiam opinion of the Court of Appeals, issued March 24, 2022 (Docket No. 357183), p 4. Or, stated more succinctly, that "a reasonable factfinder could infer that claimant used her vehicle to transport the heroin after Smith purchased it." *Id*. I agree with the Court of Appeals majority's finding on this point.

2

at one point in time. Then the majority opinion requires simultaneity: all the statutory elements it identifies must be fulfilled *at the same time*.

This does not necessarily comport with the ordinary meaning of "receipt" at the time the statute was adopted, which was "the act or process of receiving." *Webster's Ninth New Collegiate Dictionary* (1983). See also *Oxford English Dictionary* (2d ed) (defining "receipt," in relevant part, as "[t]he act of receiving something given or handed to one; the fact of being received").[3] Thus, in the context of the statute, "receipt" means the act or process of receiving something. In an unpublished case, the Court of Appeals interpreted the statute in this manner. See *In re Forfeiture of 2007 Ford Focus*, unpublished per curiam opinion of the Court of Appeals, issued October 8, 2015 (Docket No. 321640), p 4 (holding that a vehicle is used "for the purpose of . . . receipt" when "the vehicle was used or intended for use with the specific objective, goal, or end of . . . receiving a controlled substance").[4]

---

[3] To determine the meaning of the term "receipt" when the statute was enacted, it is appropriate to consult a dictionary from that time. See *Ronnisch Constr Group*, 499 Mich at 563 n 58. The relevant language in MCL 333.7521(1)(d) was in the statute when it was first enacted in 1978. See 1978 PA 368. Therefore, it is appropriate to consult dictionaries from that time.

[4] I do not believe that the out-of-state cases the majority cites in support of its contrary view are very persuasive. The first two cases, *Reeder v State ex rel Myers*, 294 Ala 260; 314 So 2d 853 (1975), and *Ridenhour v State*, 98 Ark App 116; 250 SW3d 566 (2007), do not involve similar facts, i.e., they do not involve a trip to a drug house to purchase drugs. They simply make the point that mere possession is not enough—a point that I do not contest. The third case, *One 1977 Porsche 911S v Washoe Co ex rel Washoe Co Sheriff's Dep't Consol Narcotics Unit*, 100 Nev 210; 678 P2d 1150 (1984), does involve similar facts, i.e., repeated visits to a drug house. But there, the state only argued that "receipt" includes mere possession, which the court correctly rejected. The case does not stand for

3

As applied here, I think it is reasonable to conclude that claimant's vehicle was subject to forfeiture under Subsection 1(d) because she used it to transport drugs for the purpose of receiving them when she drove off with heroin in her vehicle. By way of example, I believe it would be reasonable to think of using a car to transport a package for the purpose of receiving it when you drive to the post office to pick up a package and then use your car to bring the package back to your house. For this reason, I question the majority's position that forfeiture is only appropriate if the transportation of the drugs precedes their receipt, and I am inclined to conclude that Subsection 1(d) should be given a broader meaning.

As much as I enjoy it, however, this semantic hairsplitting is unnecessary in this case because another subsection of the statute, MCL 333.7521(1)(f), is plainly applicable. Subsection (1)(f) includes as property subject to forfeiture "[a]ny thing of value that is . . . used or intended to be used to facilitate any violation of this article including, but not limited to, money, negotiable instruments, or securities." It appears beyond dispute that claimant's vehicle was used to facilitate a drug transaction because she used it to transport the passenger to and from the drug house to purchase drugs. See *In re Forfeiture of One 1987 Chevrolet Blazer*, 183 Mich App 182, 185; 454 NW2d 201 (1990) (holding that a vehicle is subject to forfeiture under MCL 333.7521(1)(f) when it is "used to facilitate the sale or receipt of a controlled substance not by actual transportation of the controlled substance to a customer but rather by transportation of the customer to the controlled

---

any broader points and, in any event, has not been very influential—it has only been cited once in the past 40 years.

substance"). See also *People v Plunkett*, 485 Mich 50, 62; 780 NW2d 280 (2010) (holding that "a defendant who assists either party to a criminal delivery [of a controlled substance] necessarily aids and abets the deliverer's commission of the crime because such assistance aids and abets the delivery") (emphasis omitted). It is also beyond dispute that claimant's car was a "thing of value." See *In re Forfeiture of $5,264*, 432 Mich 242, 250; 439 NW2d 246 (1989) (interpreting MCL 333.7521(1)(f) and holding that "[t]he phrase 'any thing of value,' in our view, is all-inclusive, encompassing both real and personal property").[5]

---

[5] The Court of Appeals dissenting judge did not find *In re Forfeiture of One 1987 Chevrolet Blazer* persuasive, and since it was nonbinding precedent, he indicated that he would decline to follow it. The dissent argued that, as the more specific provision regarding vehicles, Subsection (1)(d) should govern in this case. See *In re Forfeiture of 2006 Saturn Ion* (SHAPIRO, J., dissenting), unpub op at 2-3, citing *Telford v Michigan*, 327 Mich App 195, 199; 933 NW2d 347 (2019). However, to the extent that Subsection (1)(f) can be thought of as having a broader scope and Subsection (1)(d) as having a narrower scope, there is no conflict between them, much less the sort of irreconcilable conflict to which the general/specific canon would apply. See *TOMRA of North America, Inc v Dep't of Treasury*, 505 Mich 333, 350; 952 NW2d 384 (2020) (observing that the general/specific canon "is tailor-made for cases . . . in which statutory provisions would otherwise conflict"); *Milne v Robinson*, 513 Mich 1, 22; 6 NW3d 40 (2024) (VIVIANO, J., concurring in the result) ("All that is needed [for the general/specific canon to apply] is enough overlapping subject matter for the two statutes to irreconcilably conflict as applied in a given case."). See also *Reading Law*, p 183 (observing that "[t]he general/specific canon, like the irreconcilability canon . . . , deals with what to do when conflicting provisions simply cannot be reconciled"). As the authors of *Reading Law* explain, "[t]he most common example of irreconcilable conflict . . . involves a general prohibition that is contradicted by a specific permission, or a general permission that is contradicted by a specific prohibition." *Id*. However one might think of these forfeiture provisions, it cannot be said that they permit any sort of behavior or that they otherwise irreconcilably conflict. Thus, in my view, the general/specific canon cannot be used to interpret Subsection (1)(d) as carving out an exception to Subsection (1)(f). See *id*. ("Under this canon, the specific provision is treated as an exception to the general rule."). In such circumstances, "any redundancies [in the statute] are properly viewed more in the nature of a belt-and-suspenders approach than as an indication that the Legislature intended to implicitly narrow the scope of" another statutory provision. *Miller v Dep't of Corrections*, ___ Mich ___,

Whether the issue of forfeiture under MCL 333.7521(1)(f) was adequately preserved is a close question; however, I believe it was. The prosecution's complaint for judgment of forfeiture stated that "[t]his complaint is brought pursuant to M.C.L.A. 333.7521 et seq.," and the prosecution urged the Court of Appeals to reverse the trial court's decision based, at least in part, on *In re Forfeiture of One 1987 Chevrolet Blazer*, which, as explained above, concerns forfeiture under Subsection (1)(f). However, the Court of Appeals majority declined to address the prosecution's argument under Subsection 1(f) and offered no opinion on whether *In re Forfeiture of One 1987 Chevrolet Blazer* was correctly decided. *In re Forfeiture of 2006 Saturn Ion*, unpub op at 4 n 2 ("Plaintiff here has not argued that the vehicle was subject to forfeiture under MCL 333.7521(1)(f), so we offer no opinion on whether that subsection would support forfeiture in this case or whether *In re Forfeiture of One 1987 Chevrolet Blazer* was rightly decided."). The Court of Appeals dissenting judge disagreed and instead apparently believed that the prosecution's argument under Subsection (1)(f) was sufficiently preserved, stating that, "while the prosecution does not expressly rely on [Subsection (1)(f)], it implicitly does so by relying on *1987 Chevrolet Blazer*." *In re Forfeiture of 2006 Saturn Ion* (SHAPIRO, J., dissenting), unpub op at 3 n 1. During oral argument before this Court, the prosecution continued to assert that claimant's vehicle was subject to forfeiture under Subsection (1)(f) and disagreed with the Court of Appeals majority's ruling that the

---

___; ___ NW3d ___ (2024) (Docket No. 164862); slip op at 17-18, citing *Reading Law*, pp 176-177.

6

issue had not been adequately raised. On balance, I believe the issue was raised and preserved for appellate review.[6]

For these reasons, I would hold that forfeiture of claimant's vehicle was warranted on alternative grounds under MCL 333.7521(1)(f). Like the Court of Appeals majority, I would remand this case to the trial court for it to address additional issues the claimant raised that have not yet been resolved. Because the majority chooses a different course, I respectfully dissent.

David F. Viviano

---

[6] Even if the issue were unpreserved, I would exercise our discretion to address the issue because it is a question of statutory interpretation, which is a question of law, and the facts necessary for resolution of the issue have been presented. See *McNeil v Charlevoix Co*, 484 Mich 69, 81 n 8; 772 NW2d 18 (2009). It does not seem to me a good use of the Court's time to opine on whether Subsection (1)(d) applies while ignoring a neighboring provision that appears readily applicable to the facts of this case.